IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Thomas E. Killion, et al.,                    Case No. 3:12 CV 470

                   Plaintiffs,                   MEMORANDUM OPINION
                                                              AND ORDER
           -vs-
                                                  JUDGE JACK ZOUHARY

KeHE Distributors, LLC,

                   Defendant.

**INTRODUCTION**

This is a dispute under the Fair Labor Standards Act (FLSA) where Plaintiffs allege Defendant KeHE Distributors (KeHE) denied overtime pay to its current and former sales representatives. KeHE is a national distributor of food products to supermarkets and other retail chains (Doc. 1 at 1–3).

Pending before this Court are Plaintiffs' Motions to invalidate Thomas Killion and Carl Ovall's Separation and Release Agreements (Agreement) (Docs. 36–37), and to recover the retention bonus pursuant to the Agreement signed by Brion Haley (Doc. 41). Also pending is a Motion to Certify a collective action against KeHE (Doc. 38). However, before this Court can determine whether to certify Plaintiffs as a class, this Court must first determine the issues raised surrounding the validity of the Agreements and that matter has been fully briefed (Docs. 46 & 51).

**BACKGROUND**

On January 11, 2012, KeHE notified certain sales representatives that their positions would be terminated in connection with a reduction in force. On February 21, 2012, KeHE sent the Agreement to those employees affected by the reduction. The Agreement offered a retention bonus -- $2,000 each to Killion and Ovall and $1,500 to Haley -- if they continued their employment until

March 17, 2012 and signed the Agreement (Doc. 46-1 at 2). The Agreement contained a "General Release of Claims and Covenant Not to Sue," which included a promise not to join "any class or collective action" against KeHE arising under the FLSA or other federal laws (Doc. 46-1 at 11 & 13).

Plaintiffs continued their employment until March 17 and then signed and returned their respective Agreements on April 5, 2012 (Doc. 46-1 at 2). However, before returning the Agreement to KeHE, Plaintiffs altered the terms. Just before the paragraph in the Agreement that purportedly released KeHE from "any class or collective action," Killion wrote "I do not waive my rights to sue under the Fair Labor Standard Act," and then initialed the change (Doc. 46-1 at 13). Similarly, Ovall wrote next to his signature at the bottom of the last page "I do not waive my rights under the Federal Labor Act," followed by his initials (Doc. 46-1 at 19). Haley crossed out the paragraph which waived his right to join a collective action, initialed that change and then wrote under his signature and initials, "I DO NOT GIVE UP ANY RIGHTS UNDER THE FLSA, FEDERAL OR STATE, FAIR LABOR STANDARDS ACT." (Doc. 46-1 at 31 & 33).

Despite these changes to the Agreement, KeHE paid the promised retention bonuses to Killion and Oval (Doc. 46-1 at 2). However, KeHE viewed Haley's changes to the Agreement as an "attempted modification," which it rejected on April 20, 2012. Since the deadline for responding to the Agreement had passed, KeHE gave Haley an additional 15 days to sign and return the original version of the Agreement, which Haley failed to do (Doc. 42-1).

## ANALYSIS

Plaintiffs argue, irrespective of the Agreements, that Killion and Ovall may pursue their claims under the FLSA and join the pending collective action against KeHE because "private settlements of wage claims are not permitted under the FLSA" (Doc. 37 at 4). Plaintiffs cite as support *Barrentine*

2

*v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728 (1981), which held "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Id.* at 740. Plaintiffs also argue, with respect to Haley, that since he fulfilled his obligations under the Agreement by working until March 17, he too is entitled to his retention bonus (Doc. 51 at 4) even though his Agreement was rejected.

KeHE concedes that controlling law prevents Killion and Orvall from waiving their claims under the FLSA (Doc. 46 at 3–4). However, KeHE distinguishes the *substantive* rights under the FLSA and the *procedural* rights to join a collective action (Doc. 46 at 7), and cites numerous district court opinions in support. *See, e.g.*, *Aracri v. Dillard's Inc.*, 2011 WL 1388613, at *5 (S.D. Ohio 2011); *Winn v. Tenet Healthcare Corp.*, 2011 WL 294407, at *9 (W.D. Tenn. 2011); *Copello v. Boehringer Ingelheim Pharms. Inc.*, 812 F. Supp. 2d 886, 893–94 (N.D. Ill. 2011); *Palmer v. Convergys Corp.*, 2012 WL 425256, at *2 (M.D. Ga. 2012) (all generally holding that employees are free to waive through individual agreement their right to participate in a collective action). The parties have outlined a tortured legislative history and competing case law which this Court chooses to avoid, as the matter can be decided by looking no further than the terms of the Agreement itself.

First, the Agreement does not prevent Killion and Ovall from joining a collective action. Killion and Ovall expressly amended the Agreement to preserve their rights under the FLSA. Undeniably, one of those rights -- procedural or otherwise -- is the right to proceed in a collective action. *See* 29 U.S.C. § 216(b). KeHE accepted the amendment when it paid the promised retention bonuses. *See Motorists Mut. Ins. Co. v. Columbus Fin., Inc.*, 168 Ohio App. 3d 691, 696 (Ohio Ct. App. 2006) (recognizing acceptance by performance); *see also Huo Chin Yin v. Amino Prods. Co.*,

141 Ohio St. 21, 36 (1943) (holding after performance it is too late to object to a modification). Killion and Ovall therefore may proceed as part of the putative class.

However, KeHE is under no obligation to pay Haley the retention bonus. "It is well established under Ohio contract law that a party must comply with all express conditions to be performed in case of breach before it can claim damages by reason of breach." *Au Rustproofing Ctr., Inc. v. Gulf Oil Corp.*, 755 F.2d 1231, 1237 (6th Cir. 1985) (citing *Bell Brothers v. Robinson*, 5 Ohio App. 454, 458 (Ohio Ct. App. 1916). One of the conditions is acceptance of the agreement. Haley's amendment was a counter-offer -- not acceptance -- which KeHE rejected. 1 WILLISTON ON CONTRACTS § 5:3 (4th ed.); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 59. Because Haley never accepted the Agreement, he is not entitled to the retention bonus.

## CONCLUSION

Although both Motions are denied, Killion and Ovall may continue to take part in the collective action against KeHE. As explained above, this result follows from KeHE's acceptance of Killion and Ovall's amendment to their respective Agreements. As for Haley, KeHE did not accept his changes and his bonus claim must fail.

IT IS SO ORDERED.

      s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 5, 2012

4