IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Thomas E. Killion, et al., | Case Nos. 3:12 CV 470 |
| and | 3:12 CV 1585 |
| | 3:12 CV 2861 |
| Barney Dolan, et al., | ORDER DENYING |
| | <u>RECONSIDERATION</u> |
| and | |
| | JUDGE JACK ZOUHARY |
| Anthony Basnec, | |
| Plaintiffs, | |
| -vs- | |
| KeHE Distributors, LLC, | |
| Defendant. | |

Plaintiffs seek reconsideration (Docs. 289 & 292) of this Court's Order tolling the statute of limitations for all Plaintiffs from October 9, 2013 (Doc. 234). Defendant opposes (Doc. 291). By way of background, in a February 20, 2015 email to this Court, Plaintiffs requested a briefing schedule to address this Court's application of a maximum three-year statute of limitations to a discovery dispute and to "bring before this Court the exception to the statute of limitations in FLSA cases which is known as the 'continuing violations' doctrine." This Court granted Plaintiffs' request to brief that limited issue. However, Plaintiffs used this as an opportunity to reargue (for a third time) their motion to toll the statute of limitations.

Motions for reconsideration are granted sparingly, and the reasons justifying reconsideration of a court's order are limited: an intervening change in controlling law, the availability of new

evidence, and to correct clear error or prevent manifest injustice. *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). A party seeking reconsideration must show more than "a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Cook v. All State Home Mortg.*, 2006 WL 3751185, at *4–5 (N.D. Ohio 2006) (internal quotations omitted). Here, Plaintiffs present the same argument made in the post-appeal briefing on the tolling issue and cite no new evidence to support reconsideration (Docs. 226, 229–230).

This Court refers the parties to its October 2014 Order (Doc. 234) which applied the Sixth Circuit factors for considering the application of equitable tolling. This Court is not persuaded by Plaintiffs' argument that "*this Court* has effectively created three categories of Plaintiffs" for purposes of damages calculations and therefore the statute of limitations should be tolled for all Plaintiffs from the date of the Complaint (Doc. 289 at 3) (emphasis in original). Plaintiffs ignore Congressional intent that the FLSA provide an opt-in mechanism which "necessarily involves some lapse of time between the date a collective action is commenced and the date that each opt-in plaintiff files his or her consent form." *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007).

There is no justification for tolling the statute of limitations as to the first category of Plaintiffs -- those who heard of this action "through word of mouth" and filed consents to join shortly after the Complaint was filed.

The second category of Plaintiffs are those who opted-in after receiving the first notice in December 2012. Plaintiffs make much of the ten months that elapsed between the initiation of this

2

action and the date notice was disseminated.  Yet Plaintiffs advance no persuasive justification for this Court to disregard the plain language of 29 U.S.C. § 256(b) (An FLSA action "shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action . . . it shall be considered to be commenced in the case of any individual claimant . . . on the subsequent date of which such written consent is filed in the court in which the action was commenced.").  A review of the docket (attached Addendum) reflects that from the initiation of this action, parties filed motions in a timely fashion, this Court granted conservative extensions and did not delay in ruling.

The pace of this litigation is not similar to the circumstances in *Thomspon v. Direct General Consumer*, where "aggressive motion practice and the Court's heavy docket" caused a fifteen-month delay in ruling on the motion for conditional certification.  3:12-cv-1093, at *14 (M.D. Tenn. 2014) (Doc. 292 at 16).  Here, this Court granted Plaintiffs' Motion for Class Certification approximately one month after the Motion became decisional, and approved the proposed notice documents within three weeks.  Nor are the circumstances here similar to *Struck v. PNC Bank N.A.,* where the court tolled the statute of limitations to account for the more than one year between plaintiffs' request for court-supervised notice and the issuance of such notice to potential plaintiffs.  931 F. Supp. 2d 842, 846 (S.D. Ohio 2013).

This Court already acknowledged (Doc. 234) the delay caused to the third category of Plaintiffs -- those "harmed" by the interim appeal.  This Court tolled the statute of limitations from October 2013 to account for their initial exclusion.  No further tolling is warranted.

Finally, this Court finds the continuing violation doctrine inapplicable.  Under the FLSA, a plaintiff may not recover compensation improperly withheld prior to the limitations period.  *Gandy*

3

*v. Sullivan County, Tenn.*, 24 F.3d 861, 865 (6th Cir. 1994). "Even if an employer continuously fails to pay overtime wages during the course of employment, each paycheck constitutes a separate violation, and claims based on any paycheck that falls outside the statutory period are barred." *Claeys v. Gandalf, Ltd.*, 303 F. Supp. 2d 890, 894 (S.D. Ohio 2004).

For all the above reasons, Plaintiffs' Motion is denied. As the docket reflects, Notice of this collective action was approved within nine months of the filing of the Complaint. This time frame, which included numerous other motions, discovery disputes and "skirmishes," was not unreasonable.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 31, 2015

**ADDENDUM**

| | |
|---|---|
| YEAR 2012 | |
| **2/27** | **Complaint** (Doc. 1) |
| 2/28–3/1 | 5 Plaintiffs opt-in; heard about action through "word of mouth" (Docs. 3–7) |
| 3/7 | Plaintiffs' first Motion to Conditionally Certify Class (Doc. 16) |
| **3/26** | **Order dismissing without prejudice Plaintiff's firm Motion to Conditionally Certify Class; Motion to be discussed during 3/29 phone conference** (Doc. 19) |
| 3/27–4/6 | 3 Plaintiffs opt-in; heard about action through "word of mouth" (Docs. 24–25, 31) |
| 4/12 | Answer (Doc. 34) |
| 4/23 | Plaintiffs' second Motion to Conditionally Certify Class (Doc. 38) |
| 5/4 | Case Management Conference (Doc. 45) |
| 5/8–31 | 4 Plaintiffs opt-in; heard about action through "word of mouth" (Docs. 48, 52, 56, 58) |
| 6/5–29 | Briefing on Motion to Conditionally Certify Class (Docs. 62, 77, 80) |
| **8/3** | **Order dismissing without prejudice Plaintiffs' second Motion to Conditionally Certify Class, in light of this Court's Opinion denying Plaintiffs' Motion to Void and granting Defendant's Motion to Strike** (Doc. 91) |

| | |
|---|---|
| 8/31 | Plaintiffs' third Motion to Conditionally Certify Class (Doc. 98) |
| **10/31** | **Order granting Motion to Conditionally Certify Class** (Doc. 104) |
| **11/21*** | **Order approving Notice to the opt-in class** (Doc. 112)<br><br>* (Plaintiffs refer to this as December 2012) |
| YEAR 2013 ||
| 1/30 | 41 Plaintiffs opt-in, after receiving Notice, from 12/19/12 (Docs. 116–23, 124–30, 132, 133–36, 137–49, 151–57, 159) |
| **10/9** | **Order granting Defendant's Motion for Summary Judgment** (Doc. 212)<br><br>**Tolling date for 22 "New Plaintiffs" who did not opt-in prior to Sixth Circuit Decision** (*see* Doc. 234) |
| 11/6 | Notice of Appeal to Sixth Circuit (Doc. 215) |
| YEAR 2014 ||
| 7/30 | Sixth Circuit Decision affirming in part and reversing in part this Court's Order granting Defendant's Motion for Summary Judgment (Doc. 218) |
| 10/21–11/26 | 22 "New Plaintiffs" opt-in (Docs. 235–42, 250, 252–55, 258–59, 261–63, 265–68) |