IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Thomas E. Killion, et al., | Case Nos. 3:12 CV 470 |
| and | 3:12 CV 1585 |
| | 3:12 CV 2861 |
| Barney Dolan, et al., | ORDER RE: MEASURE OF |
| and | FLSA DAMAGES |
| Anthony Basnec, | JUDGE JACK ZOUHARY |
| Plaintiffs, | |
| -vs- | |
| KeHE Distributors, LLC, | |
| Defendant. | |

Pending before this Court is a request by the parties to determine the appropriate method of calculating Plaintiffs' damages (Docs. 316–17). The key difference between the competing formulas is the divisor used to calculate the regular rate of pay. Plaintiffs calculate damages by dividing each Plaintiff's gross earnings by 2,080 (representing a 40 hour workweek x 52 weeks for a full year of employment) (Doc. 316 at 2). Defendant utilizes a divisor based on total hours each Plaintiff worked in a given week, pursuant to 29 C.F.R. § 778.118 (Doc. 317 at 2). Defendant's analysis is correct.

There is no dispute that Plaintiffs were paid entirely by commission. The commission regulation, 29 C.F.R. § 778.118, provides:

> When the commission is paid on a weekly basis, it is added to the employee's other earnings for that workweek . . . and the total is divided by the *total number of hours worked* in the workweek to obtain the employee's regular hourly rate for the particular workweek. The employee must then be paid extra compensation at *one-half of that rate* for each hour worked in excess of the applicable maximum hours standard. (emphasis added)

Plaintiffs concede the half-time overtime calculation provided for in the second sentence of Section 778.118 applies to "calculating overtime for current employees," and that it "applies to compensation based solely on commissions" (Doc. 316 at 4). Plaintiffs however selectively, and wrongly, reject the regular rate formula in the preceding sentence. The regular rate formula is the antecedent to the overtime calculation -- "one-half of *that* rate" means one-half of the employee's total gross earnings "divided by the total number of hours worked in the workweek."

Plaintiffs argue that Section 778.118 does not apply to calculating remedial overtime damages for misclassified employees (Doc. 316 at 4). This position is not only unsupported, it is contrary to Department of Labor regulations and applicable case law. *See, e.g.*, *Sizemore v. Affordable Battery, Inc.*, 49 F. Supp. 3d 1138 (S.D. Fla. 2014) ("to calculate overtime compensation, the hourly rate of pay was found by adding the base pay and any commission and dividing by the number of hours worked"); *Krohn v. David Powers Homes, Inc.*, 2009 WL 1883989, at *2 (S.D. Tex. June 30, 2009) ("wage rate is calculated by dividing the total compensation for the workweek by the total number of hours worked in the workweek to obtain the employee's regular hourly rate for the particular workweek") (internal quotation marks omitted).

Plaintiffs rely primarily on *Walling v. Youngerman-Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945), to define the "regular rate" for compensation as "the hourly rate actually paid the employee for the *normal, non-overtime workweek* for which he is employed" (emphasis added). However *Walling*, which did not involve commission compensation, addressed whether overtime

2

compensation should be included as part of total compensation for determining regular rate (*i.e.*, the numerator in the regular rate formula). As to the divisor, *Walling* held that regular rate was "the quotient of the amount received during the week divided by the *number of hours worked*." *Id.* (emphasis added).

Finally, Plaintiffs also point to the "regular rate" formula in the ABA's Model Jury Instructions, which calculates regular rate by dividing the first forty hours worked into the total wages paid *for those forty hours*, and applying a time-and-a-half multiplier for each overtime hour. That analysis is inconsistent with the parties' formulas which start with each Plaintiff's gross commission earnings and then apply a half-time multiplier for each overtime hour. In short, there is no getting around the "number of hours worked" as the appropriate measure of calculating damages for each Plaintiff.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

April 30, 2015